**Tom POLK and Ron Shultz,
Plaintiffs and Appellants,**

v.

**Mike T. IVERS and Mrs. Mike T. Ivers,
his wife, Defendants and Respondents.**

**No. 14682.**

Supreme Court of Utah.

March 17, 1977.

Brian M. Barnard, Salt Lake City, for plaintiffs-appellants.

J. Harold Call, Heber City, for defendants-respondents.

WILKINS, Justice:

Plaintiffs brought this action involving a landlord-tenant dispute against defendants, filing it on January 22, 1974 in the District Court for Summit County. The total time which elapsed between commencement of this case and the granting of defendants' motion to dismiss for failure to prosecute[1] on June 21, 1976 was almost two and one-half years.

A review of the record discloses active pursuit by plaintiffs and defendants in this matter. On December 15, 1975 a hearing was scheduled to set a new trial date. Plaintiffs' counsel did not attend but sent a letter to the Court saying he could try the lawsuit anytime during February or March 1976. Defendants' counsel also did not appear or notify the Court of a convenient date. The minute entry for the December 15, 1975 hearing states that the Court would contact the attorneys and set a new trial date. Nothing happened until the defendants filed their motion to dismiss for failure to prosecute on June 1, 1976, which was granted as noted above on June 21, 1976. Some subsequent pleadings were filed by the parties between these last two dates but are not controlling in this case.

---

5. *Wilson v. Wilson,* 5 Utah 2d 79, 296 P.2d 977; *Searle v. Searle,* 522 P.2d 697 (Utah).

1. Rule 41(b), Utah Rules of Civil Procedure provides in pertinent part: "For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action . . . ."

Plaintiffs' counsel did not appear at the June 21, 1976 hearing but informed the Court that he would submit the matter on the record. Defendants' counsel was present.

Justice Crockett writing for this Court [2] stated:

> . . . It is not to be doubted that in order to handle the business of the court with efficiency and expedition the trial court should have a reasonable latitude of discretion in dismissing for failure to prosecute if a party fails to move forward according to the rules and the directions of the court, without justifiable excuse. . . . Whether there is such justifiable excuse is to be determined by considering more factors than merely the length of time since the suit was filed. Some consideration should be given to the conduct of both parties, and to the opportunity each has had to move the case forward . . . also what difficulty or prejudice may have been caused to the other side; and most important, whether injustice may result from the dismissal.

We conclude, after a review of the entire record in this matter, including the District Court's failure to notify the attorneys of the new trial date after the hearing on December 15, 1975, that it was an abuse of discretion to order a dismissal of this action for failure to prosecute when measured by the principles announced in *Westinghouse v. Larsen,* supra.

Reversed and remanded for further proceedings. Costs to the plaintiffs.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

---

**2.** See *Westinghouse Electric Supply Co. v. Paul W. Larsen Contractor, Inc.,* Utah, 544 P.2d 876 (1975) and cases cited therein.